IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES D. BULGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-318-WKW |
| ) | [WO] |
| PIKE ROAD INVESTMENTS, LLC, ) | |
| *et al.*, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is brought under 42 U.S.C. § 1983, which permits suit against state actors.  Plaintiff James D. Bulger alleges in his complaint (Doc. # 1) that Defendants, all private individuals and businesses, violated the due process clause of the Fourteenth Amendment when they sued him in Alabama state court for fraud. In that state court case, the Defendants successfully moved for a temporary restraining order, a subsequent preliminary injunction, a sale order, and sanctions against Bulger for criminal contempt. Defendants also successfully opposed Bulger's motion to set aside a settlement agreement. (Doc. # 1 at 4–7.) All of which, Bulger now alleges, was the result of an unlawful conspiracy between Defendants

1

and the presiding state court judge to unconstitutionally deprive him of his property and liberty.  Serious allegations.[1]

But here's the rub.[2]  Bulger did not appeal the TRO or preliminary injunction order.  After Defendants moved for the sale order, Bulger filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama, wherein the bankruptcy judge ultimately dismissed the case, noting that Bulger was using the bankruptcy process as a "tactic to stall" the state court case and "leverage a settlement."  (Doc. # 18-23 at 15.)  While the bankruptcy judge determined that Bulger "undeniably displayed bad faith worthy of sanctions," she forewent sanctions in favor of an injunction prohibiting Bulger from filing a bankruptcy petition for two years.  (Doc. # 18-23 at 17.)  The bankruptcy judge also remanded the proceeding back to the state court.  (Doc. # 18-24.)  Bulger appealed the bankruptcy Judge's

---

[1] "Serious" is one way of describing Bulger's allegations.  Defendants describe them as "frivolous," and filed a motion to dismiss on that basis, which is pending before the court. (Doc. # 28 ("Motion to Dismiss Case as Frivolous").)  Notably, Defendants' motion does not explicitly reference Fed. R. Civ. P. 12(b)(6).  Nor does it explicitly reference any other Rule 12(b) basis for dismissal.  But given the framing of the motion to dismiss, the court construes the motion as being brought under Rule 12(b)(6) for failure to state a claim, *i.e.*, for being frivolous.  In any event, even if the motion to dismiss did not properly invoke Rule 12(b)(6), the court alternatively finds it appropriate to *sua sponte* dismiss the complaint under Rule 12(b)(6) as patently frivolous. *See Woodroffe v. Fl. Dep't. of Fin. Servs.*, 774 Fed. App'x 553, 554 (11th Cir. 2019) (outlining when a *sua sponte* 12(b)(6) dismissal is prohibited and when it is permissible).

[2] Defendants' Motion to Take Judicial Notice of Pleadings (Doc. # 18) will be granted, and Bulger's Motion to Take Judicial Notice of Pleadings (Doc. # 32) will be granted.  Accordingly, under its Rule 12 review, the court considers the judicially noticed documents filed in (Doc. # 18) and (Doc. # 32) alongside the factual allegations in the complaint.  Fed. R. Evid. 201(b); *see Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice, at the motion to dismiss stage, of "court documents from [a] state eviction action").

ruling, but it was affirmed by a federal district judge in the Middle District of Alabama, who found that Bulger's deliberate conduct "far exceed[ed] negligence and indifference." (Doc. # 18-26.)

Thereafter, Bulger filed a petition for a writ of mandamus with the Supreme Court of Alabama, alleging (as he again does now) that the state court proceeding violated his constitutional rights to due process and requesting that the Court set aside the sale order.[3]  (Doc. # 18-27 at 15–19.)  The Supreme Court of Alabama denied the mandamus petition.  (Doc. # 18-28.)  Then Bulger appealed the state court's decision to deny Bulger's motion to set aside a settlement agreement.  (Doc. # 18-18.)  During the pendency of this litigation, the Supreme Court of Alabama denied that appeal.  (Doc. # 37-1.)

So, Bulger was adversely affected by the state judge's TRO and preliminary injunction order—which he did not appeal.  He was adversely affected by the sale order and the denial of his motion to set aside the settlement agreement—which he did appeal and lost.  He also sought relief in bankruptcy court and lost.  He appealed the bankruptcy decision and lost.  Now, despite unavailing efforts in three other courts concerning the same central disputes and nucleus of facts and essentially

---

[3] Tellingly, the nonconclusory factual allegations in Bulger's rejected mandamus petition are almost one-to-one with the factual allegations in the instant complaint. *Compare* (Doc. # 18-27 at 7–12) *with* (Doc. # 1 at 3–8.)  And yet, despite almost identical factual allegations, Bulger's mandamus petition does not conclude that the state court judge was corrupt and conspiring with Defendants, as he does in the complaint.

3

seeking the same relief (a determination that the state court judge's motions rulings were at best wrong), Bulger marches forward in this action, seeking damages and alleging that a corrupt state court judge unlawfully conspired with Defendants when the state court judge made several adverse, allegedly unconstitutional rulings against Bulger.

He brings his claims under 42 U.S.C. § 1983, which permits suit against officials acting "under color" of state law.  That is, § 1983 requires state action. Here, the state court judge is not a defendant.  The Defendants are private persons and businesses that were litigants before the state court judge.  Ordinarily, private persons are not considered state actors subject to Section 1983 liability.  However, [p]rivate persons, *jointly engaged* with state officials in the challenged action, are acting [] 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (emphasis added).  Applying this joint-engagement principle in the judicial conspiracy context, the Supreme Court held that private defendants "merely resorting to the courts and being on the winning side of a lawsuit does not make," them state actors for purposes of § 1983 liability.  But where "an official act of the defendant judge was the product of a conspiracy involving bribery of the judge," the "private parties conspiring with the judge [are] acting under color of state law." *Id.* at 28.  That is, "private parties who corruptly conspire with a judge in

4

connection with such conduct are thus acting under color of state law within the meaning § 1983." *Id.* at 29.

So, Bulger has a pathway to establishing that the private Defendants here acted under color of law so as to expose them to § 1983 liability. But that pathway is dependent on Bulger plausibly alleging that the state court judge's adverse rulings against Bulger were the "product of a conspiracy involving [] the judge." *Id.* This Bulger does not do. *Turner v.* Williams, 65 F.4thh 564, 577 (11th Cir. 2023) ("The alleged facts, having been stripped of all legal conclusions, must make a claim for relief not merely *possible*, but *plausible*.")

Bulger's complaint contains no allegations of bribery. In fact, the complaint is devoid of any allegations that would show that the state court judge had any incentive to conspire with Defendants. There are no allegations of familial connection or friendship or any other conflict of interest. There are no allegations of monetary kickbacks or downstream economic benefit or improper political alliance. There are no allegations of statements made that would either directly or indirectly evidence conspiracy. The only nonconclusory allegations indicative of corruption, conspiracy, or collusion is that the state court judge had several *ex parte* communications, content unknown, with Defendants, and that the state court judge allegedly erred in his legal rulings against Bulger. That is insufficient to plausibly confer the authority of state action onto private persons engaged in an adversarial

5

proceeding in the judicial system. Accordingly, the complaint alone fails to state a claim under 42 U.S.C. § 1983 because it does not plausibly allege that Defendants were acting under color of state law when they filed suit against Bulger and received favorable rulings. *See Wescott v. Stephens*, 2019 WL 1387715, at *4 (N.D. Cal. Mar. 12, 2019), *report and recommendation adopted*, 2019 WL 1386577 (N.D. Cal. Mar. 27, 2019) ("Conclusory allegations of a conspiracy between a state actor and private individuals are not sufficient to state a claim under section 1983.").

This outcome is only bolstered by the fact that the state court judge's various rulings were reviewed twice by the Alabama Supreme Court, once by a bankruptcy judge, and once by a district judge in this court. While the issues in each of those collateral proceedings were not identical, they all involved common facts—the same facts here—and the court finds it implausible, without more factual allegations in the complaint, that a judicial conspiracy simply evaded all this review. Indeed, Defendants have not just been the prevailing party in front of the allegedly corrupt state court judge—they have been the prevailing party up-and-down federal and state court levels of review. Not only that, but Bulger's allegations of judicial conspiracy become even more implausible given that third-party judges (that is, judges who Bulger does not allege to have been conspiring against him) have found Bulger to have been "negligent," "indifferent," and that he "undeniably displayed bad faith worthy of sanctions" vis-à-vis his tactics to stall the state court case. (Doc. # 18-23

at 17.) The court is unconvinced that this lawsuit itself was not such a delay tactic given that it was filed on the eve of a motion hearing in the state court proceeding.

Therefore, the motion to dismiss will be granted to the extent that this case will be dismissed with prejudice. But that leaves three other pending motions: the Motion for Sanctions by Defendants (Doc. # 28); the Motion to Stay Pending State Court Action by Bulger (Doc. # 30); and the Motion to Transfer Case to Administrative Docket by Bulger (Doc. # 35). The motion for sanctions will be denied. The court finds that even if Bulger's conduct in this case arose to a sanctionable level that dismissal with prejudice is sufficient. Fed. R. Civ. P. 11(c)(4). The motion to stay pending state court action will be denied as moot given that the case will be dismissed. Similarly, the motion to transfer case to administrative docket will be denied as moot for the same reason.

Accordingly, it is ORDERED that:

(1) Defendants' motion to dismiss (Doc. # 28) is GRANTED.

(2) The complaint (Doc. # 1) is DISMISSED with prejudice.

(3) Defendants' motion to take judicial notice of pleadings (Doc. # 18) is GRANTED.

(4) Bulger's motion to take judicial notice of pleadings (Doc. # 32) is GRANTED.

(5) Defendants' motion for sanctions (Doc. # 28) is DENIED.

(6) Bulger's motion to stay (Doc. # 30) is DENIED as moot.

(7) Bulger's motion to transfer (Doc. # 35) is DENIED as moot.

Final judgment will be entered separately.

DONE this 7th day of September, 2023.

                                          /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE